IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYLVER L. BROOKS, : | |
| : | |
| Plaintiff, : | Civil Action |
| : | |
| vs. : | No. 08-00060 (SLR) |
| : | |
| QUINN & QUINN, Attorneys at Law, and : | |
| MICHAEL P. QUINN, ESQUIRE, : | |
| : | |
| Defendants. : | |

**DEFENDANTS QUINN & QUINN'S AND MICHAEL P. QUINN'S
MOTION TO DISMISS AMENDED COMPLAINT**

Defendants Quinn & Quinn and Michael P. Quinn, Esquire, by and through their attorneys, and pursuant to Fed.R.Civ.P. 12(b)(2), 12(b)(5), and 12(b)(6), hereby move this Court for an order dismissing plaintiff's Amended Complaint. For the reasons set forth in the accompanying Memorandum of Points and Authorities, the Amended Complaint fails to plead sufficient facts establishing personal jurisdiction and fails to state claims upon which relief may granted against defendants. As confirmed by plaintiff's Certificate of Service, she did not properly serve the Amended Complaint on defendants as required by Fed.R.Civ.P. 4(e).

WHEREFORE, defendants respectfully request that this Court dismiss the Amended Complaint in its entirety with prejudice.

SWARTZ CAMPBELL LLC

*/s/Nicholas E. Skiles, Esquire*
Nicholas E. Skiles, Esquire (DE ID#3777)
300 Delaware Avenue, Suite 1130
Wilmington, DE 19899
(302) 656-5935
DATED: February 14, 2008          Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYLVER L. BROOKS, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| vs. | : | No. 08-00060 (SLR) |
| | : | |
| QUINN & QUINN, Attorneys at Law, and | : | |
| MICHAEL P. QUINN, ESQUIRE, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS QUINN & QUINN'S AND MICHAEL P. QUINN, ESQUIRE'S MOTION TO DISMISS AMENDED COMPLAINT**

Pursuant to Fed.R.Civ.P. 12(b)(2), 12(b)(5), and 12(b)(6), defendants Quinn & Quinn, P.C., and Michael P. Quinn, Esquire, by counsel undersigned, move this Court for an order dismissing plaintiff's Amended Complaint. The Amended Complaint did not allege sufficient facts to establish personal jurisdiction and did not state claims against defendants upon which relief may be granted. Plaintiff did not serve defendants properly in accordance with Fed.R.Civ.P. 4(e).

**I.      Statement of Facts**

This is a case against a lawyer and his law firm arising out of the alleged representation of plaintiff in connection with a complaint she had against her landlord. *See* Amended Complaint, D.I. at page 2. The Amended Complaint alleged that in October 2004, plaintiff's ceiling collapsed and caused her injuries. In November 2004, she retained defendant Michael P. Quinn who was affiliated with defendant Quinn & Quinn, P.C., to represent her as a result of her October 11, 2004 injuries. The Amended Complaint alleged that defendants misrepresented to her that they were licensed to

practice law in Delaware. The Amended Complaint averred that because defendants were not licensed to practice law in Delaware, they were unable to commence an action on her behalf in Delaware. D.I. at page 2. The Amended Complaint did not allege that defendants were unable to become admitted *pro hac vice* in Delaware. The Amended Complaint averred claims against defendants for fraud, breach of fiduciary duty, and professional negligence. The Amended Complaint also averred that plaintiff is a resident of Delaware and that defendants are located in Philadelphia, Pennsylvania. The Amended Complaint did not aver any facts establishing personal jurisdiction over defendants. The certificate of service attached to the Amended Complaint indicates it was served by first class mail on defendants' attorneys, Swartz Campbell. D.I. at page 2.

## II.    Argument

### A.    Motion to Dismiss under Rule 12(b)(2)

#### 1.    Standard of Review

Rule 12(b)(2) mandates a court to dismiss a case when the court lacks personal jurisdiction over the defendant. When reviewing a motion to dismiss pursuant to Rule 12(b)(2), this Court must accept as true all allegations of jurisdictional facts averred in the Amended Complaint and resolve any factual disputes in favor of the plaintiff. *Traynor v. Liu*, 495 F.Supp.2d 444, 448 (D.Del. 2007). After a defendant raises a jurisdicitional defense, the plaintiff bears the burden to establish with reasonable particularity "that sufficient minimum contacts have occurred between the defendant and the forum state" to support jurisdiction. *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3rd Circ. 1987).

To establish personal jurisdiction, a plaintiff must satisfy both a statutory and constitutional requirement. Pursuant to the statutory requirement, plaintiff must establish that there is a basis for jurisdiction under the forum state's long arm statute, 10 Del.C. § 3104(c). The constitutional basis

requires the court to determine whether the exercise of jurisdiction comports with the defendant's right to due process. *Reach & Assocs., P.S. v. Dencer*, 269 F.Supp. 2d 497, 502 (D.Del. 2003).

Under the due process claim, a foreign defendant is subject to the jurisdiction of the Federal court only if the defendant's conduct is such that it should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559 (1980). There must exist some action through which "the defendant purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958).

Personal jurisdiction may be either specific or general. Specific jurisdiction applies to claims which arise out of the defendant's forum related activities and applies when the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities." *BP Chems. Ltd. v. Fibre, Corpo.*, 229 F.3d 254, 259 (3rd Circ. 2000). General jurisdiction applies to claims which need not arise out of the defendant's forum related activities, but the defendant has such extensive contacts with the forum state that the defendant is continually subject to the state's personal jurisdiction. *Id*. General jurisdiction exists when the defendant's contacts with the forum are continuous and systematic. *Id*.

### 2. The Amended Complaint did not Aver any Facts to Establish Personal Jurisdiction over Defendants

The Amended Complaint and civil cover sheet are completely devoid of any averments to establish personal jurisdicition over defendants. Plaintiff averred that defendants' office is located in Pennsylvania. D.I. 2 at p. 2. Thus, any representation or advice provided by defendants to plaintiff would have occurred in their Pennsylvania office, not Delaware. No connection existed between defendants' alleged services to plaintiff and Delaware. Plaintiff even averred that defendant

is not licensed to practice law in Delaware. D.I. 2 at p. 2-3. Any work provided by defendants would have been performed at their office in Pennsylvania. There does not exist a basis for specific in personam jurisdiction over the defendants in Delaware.

In the absence of specific personal jurisdiction, this court may exercise jurisdiction over the lawyer defendants only if they carried on a continuous and substantial part of their business within the Commonwealth. The Amended Complaint did not aver any facts to establish general jurisdiction. The Amended Complaint did not aver that defendants conducted business in Delaware. Instead, the Amended Complaint averred that defendants were not licensed to practice law in Delaware. D.I. 2 at p. 2-3. Absent any allegations to establish that defendants had continuous and systematic contacts with Delaware, the Amended Complaint is not sufficient to establish general jurisdiction over defendants.

**B.     Motion to Dismiss Under Rule 12(b)(5)**

Dismissal of a Complaint pursuant to Fed.R.C.P. 12(b)(5) is appropriate when a plaintiff fails to properly serve a defendant with the Summons and Complaint. Rule 4(e) provides for service upon individuals as follows:

> (1)    pursuant to the law of the state in which the district court is located, or in which service is effected...
>
> (2)    by delivering a copy of the summons and complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

The Delaware Rule for Service on an individual is similar. Del. Super. Ct. R. Civ. P. 4(f)(1)(I).

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process upon corporations, partnerships, and unincorporated associations as follows:

  (1) in a Judicial District of the United States in the manner prescribed for indidividuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process[.]

Rule 4(a) also requires a summons to be issued by the Court, and Rule 4(C) requires the summons to be served in manner prescribed with a copy of the complaint. Plaintiff's attempt to effectuate service is improper for several reasons. As demonstrated by plaintiff's certificate of service attached to the complaint, plaintiff attempted to effectuate service of the complaint **only** by mailing a copy to Swartz Campbell, LLC, defendants' attorneys. Pursuant to Rule 4(e), plaintiff was required to serve defendant Quinn by delivering a copy of the summons and complaint personally, or to his dwelling or usual place of abode. Plaintiff was required to serve Quinn & Quinn, a corporation, in the same manner or by delivery to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process[.] Plaintiff's mailing of the complaint to defendants' attorney does not comport with these requisite methods of service.

Plaintiff's certificate of service also indicates that she did not serve the Amended Complaint with a summons as required by Rule 4(c). Plaintiffs' attempts to serve defendants via mail on defendants' attorneys is also improper. *Breitgan v. Delaware*, No. 02-1333-GMS, 2003 U.S.Dist. LEXIS 12073, 2003 WL 21663676 (D.Del. July 16, 2003) (papers and pleadings permitted for service on a party's attorney only after having effected proper service of summons and complaint pursuant to the Rules of Civil Procedure). Rule 4(c)(2) of the Federal Rules of Civil Procedure also requires service to be effected by any person who is not a party and who is at least 18 years of age. Plaintiff, as a party, cannot effectuate service.

Plaintiff did not properly effect service on defendants. Accordingly, this Court should grant defendants' motion to dismiss.

**C.     Motion to Dismiss Pursuant to Rule 12(b)(6)**

   **1.     Standard of Review**

In reviewing a motion to dismiss under Rule 12(b)(6), a court must accept as true all material allegations in the complaint. The complaint must be construed in plaintiff's favor. A complaint may be dismissed if, "after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3rd Circ. 1998).

   **2.     The Amended Complaint did not State a Claim for Relief based on Defendants' Alleged Lack of a License to Practice Law in Delaware**

All of the claims asserted by plaintiff against defendants are based on the contention that defendants fell below the standard of care and committed fraud because they were not practiced to license law in Delaware. In order to prevail on her claim for fraud, plaintiff must establish a false representation of fact made by defendants; the defendants' knowledge or belief that it was false; intent to induce plaintiff to act or refrain from acting; plaintiff's action or inaction taken in justifiable reliance on the misrepresentation; and damage to the plaintiff as a result of the reliance. *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del.Super. 1983). The elements of breach of fiduciary duty requires a fiduciary duty and a breach of that duty. *Freibott v. Patterson Schwartz and Associates, Inc.*, 2001 Del.C.P. LEXIS 33 (C.C.P. Newcastle 2001). Negligence similarly requires a duty of care, breach of that duty, and that the breach was the proximate cause of plaintiffs' injury. *Russell v. K-Mart*, 761 A.2d 1 (Del.Super. 2000).

The Amended Complaint did not aver sufficient facts to establish a claim for fraud, breach of fiduciary duty, or professional negligence. The Amended Complaint averred that defendants

misrepresented that they were licensed in Delaware, and that defendants breached their duty to plaintiff because they were not licensed to practice law in Delaware. The contention that defendants were not licensed to practice law in Delaware does not establish causation for any of plaintiff's claims. The Amended Complaint does not aver that defendants were not able to retain separate Delaware counsel for the filing of an action, or that defendants were not able to become admitted *pro hac vice*. Delaware law allows attorneys not members of the Delaware bar to be admitted *pro hac vice* in the court's discretion upon written motion and association of a member of the Delaware bar who maintains an office in Delaware. Del.Ch.Ct.R. 170.

Even if true, the mere fact, alone, that defendants were not licensed to practice law in Delaware is not sufficient to establish causation with respect to any of the counts alleged in the Amended Complaint. Accordingly, this Court should dismiss the complaint.

### 3. The Complaint did not State Sufficient Facts to Establish a Basis for the Recovery of Punitive Damages

Punitive damages in tort actions are not proper unless the "defendant's conduct, though unintentional, has been particularly reprehensible, *i.e.*, reckless, or motivated by malice or fraud." *Jardel Co. Inc. v. Hughes,* 523 A.2d 518 (Del.Super. 1987). If the action arises from a contract, punitive damages are permitted if the breach of contract is characterized by willfulness or malice. *Casson v. Nationwide Ins.Co.*, 455 A.2d 361 (Del.Super. 1982). The focus is on the defendant's state of mind. If his conduct reflects a conscious indifference to a foreseeable result, punitive damages may be imposed to punish such indifference and deter others from engaging in similar conduct. *Jardel*, 523 A.2d at 529.

The Amended Complaint did not aver sufficient facts to establish a basis for the recovery of punitive damages. Plaintiff did not aver facts establishing that defendants acted with recklessness and

malice. Plaintiff did not aver that defendants' conduct exhibited a conscious disregard and indifference to a foreseeable result, and the Amended Complaint did not aver facts establishing that punitive damages are needed to deter others from engaging in similar conduct. At most, plaintiff's Amended Complaint avers a claim for professional negligence. But negligence, alone, is not a sufficient basis upon which to impose punitive damages. Accordingly, this Court must dismiss plaintiff's demand for punitive damages. D.I. 2 at page 7.

### III. CONCLUSION

For the reasons set forth above, this Court should grant defendants' motion and dismiss the Amended Complaint with prejudice.

SWARTZ CAMPBELL LLC

*/s/ Nicholas E. Skiles, Esquire*
Nicholas E. Skiles, Esquire (DE #3777)
300 Delaware Avenue, Suite 1130
Wilmington, DE 19899
(302) 656-5935
DATED: February 14, 2008                Attorneys for defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYLVER L. BROOKS, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| vs. | : | No. 08-00060 (SLR) |
| | : | |
| QUINN & QUINN, Attorneys at Law, and | : | |
| MICHAEL P. QUINN, ESQUIRE, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS QUINN & QUINN AND MICHAEL P. QUINN, ESQUIRE'S MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2), 12(b)(5) AND 12 (b)(6).**

 

 

Date: February 14, 2008

SWARTZ CAMPBELL LLC
Nicholas Skiles, Esquire
Delaware Bar No. 3777
Attorneys for Defendants, Quinn & Quinn,
and Michael P. Quinn, Esquire

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYLVER L. BROOKS, : | |
| : | |
| Plaintiff, : | Civil Action |
| : | |
| vs. : | No. 08-00060 (SLR) |
| : | |
| QUINN & QUINN, Attorneys at Law, and : | |
| MICHAEL P. QUINN, ESQUIRE, : | |
| : | |
| Defendants. : | |

**CERTIFICATE OF SERVICE**

I, Nicholas E. Skiles, Esquire, counsel for Defendants, Quinn & Quinn and Michael P. Quinn, Esquire hereby certify that on February 14, 2008, two copies of Defendants' Motion to Dismiss Plaintiff's Amended Complaint were served by first class U.S. mail, postage prepaid on:

Sylver L. Brooks
46 Court Drive, Apt. B
Wilmington, DE 19805

SWARTZ CAMPBELL LLC

*/s/ Nicholas E. Skiles, Esquire*
Nicholas E. Skiles, Esquire (DE #3777)
300 Delaware Avenue, Suite 1130
Wilmington, DE 19899
(302) 656-5935