# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYLVER L. BROOKS, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| vs. | : | No. 08-00060 (SLR) |
| | : | |
| QUINN & QUINN, Attorneys at Law, and | : | |
| MICHAEL P. QUINN, ESQUIRE, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS QUINN & QUINN AND MICHAEL P. QUINN, ESQUIRE'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2), 12(b)(5) AND 12 (b)(6).**

|   |   |
|---|---|
|   | SWARTZ CAMPBELL LLC |
|   | Nicholas Skiles, Esquire |
|   | Delaware Bar No. 3777 |
|   | Attorneys for Defendants, Quinn & Quinn, |
| Date: May 28, 2008 | and Michael P. Quinn, Esquire |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYLVER L. BROOKS, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| vs. | : | No. 08-00060 (SLR) |
| | : | |
| QUINN & QUINN, Attorneys at Law, and | : | |
| MICHAEL P. QUINN, ESQUIRE, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS QUINN & QUINN AND MICHAEL P. QUINN, ESQUIRE'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2), 12(b)(5) AND 12 (b)(6).**

SWARTZ CAMPBELL LLC
Nicholas Skiles, Esquire
Delaware Bar No. 3777
Attorneys for Defendants, Quinn & Quinn,
Date: May 28, 2008    and Michael P. Quinn, Esquire

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYLVER L. BROOKS, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| vs. | : | No. 08-00060 (SLR) |
| | : | |
| QUINN & QUINN, Attorneys at Law, and | : | |
| MICHAEL P. QUINN, ESQUIRE, | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS QUINN & QUINN'S AND MICHAEL P. QUINN'S MOTION TO DISMISS COMPLAINT

Defendants Quinn & Quinn and Michael P. Quinn, Esquire, by and through their attorneys, and pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6), hereby move this Court for an order dismissing plaintiff's complaint. For the reasons set forth in the accompanying memorandum of points and authorities, the complaint fails to plead sufficient facts establishing personal jurisdiction and fails to state claims upon which relief may be granted against defendants.

WHEREFORE, defendants respectfully request that this Court dismiss the complaint in its entirety with prejudice.

                                          SWARTZ CAMPBELL LLC

                                          */s/ Nicholas E. Skiles*
                                          Nicholas E. Skiles, Esquire (I.D. #3777)
                                          300 Delaware Avenue, Suite 1130
                                          P. O. Box 330
                                          Wilmington, DE 19899
                                          (302) 656-5935

Date: May 28, 2008                             Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYLVER L. BROOKS, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| vs. | : | No.  08-00060 (SLR) |
| | : | |
| QUINN & QUINN, Attorneys at Law, and | : | |
| MICHAEL P. QUINN, ESQUIRE, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS QUINN & QUINN'S AND MICHAEL P. QUINN, ESQUIRE'S
MOTION TO DISMISS COMPLAINT[1]**

Pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6), defendants Quinn & Quinn, P.C., and Michael P. Quinn, Esquire, by counsel undersigned, move this Court for an order dismissing plaintiff's complaint.  The complaint did not allege sufficient facts to establish personal jurisdiction and did not state claims against defendants upon which relief may be granted.

**I.   Statement of Facts**

This is a case against a lawyer and his law firm arising out of the alleged representation of plaintiff in connection with a complaint she had against her landlord.  *See* complaint, D.I. at page 2.  The complaint alleged that in October 2004, plaintiff's ceiling collapsed and caused her injuries.  In November 2004, she retained defendant Michael P. Quinn who was affiliated with

---

[1] Pursuant to this Court's order dated April 15, 2008, defendants confirm that plaintiff has served the complaint on them through the U.S. Marshals Service.  Service was made on May 15, 2008.  Defendants were **not** served with a copy of the amended complaint and thus, pursuant to this Court's order, the motion to dismiss is directed at the complaint only.

defendant Quinn & Quinn, P.C., to represent her as a result of her October 11, 2004 injuries. The complaint alleged that defendants misrepresented to her that they were licensed to practice law in Delaware. The complaint averred that because defendants were not licensed to practice law in Delaware, they were unable to commence an action on her behalf in Delaware. D.I. at page 2. The complaint did not allege that defendants were unable to become admitted *pro hac vice* in Delaware. The complaint averred claims against defendants for fraud, breach of fiduciary duty, and professional negligence.

The complaint also averred that plaintiff is a resident of Delaware and that defendants are located in Philadelphia, Pennsylvania. The complaint did not aver any facts establishing personal jurisdiction over defendants.

## II.    Argument

### A.    Motion to Dismiss under Rule 12(b)(2)

#### 1.    Standard of Review

Rule 12(b)(2) mandates a court to dismiss a case when the court lacks personal jurisdiction over the defendant. When reviewing a motion to dismiss pursuant to Rule 12(b)(2), this court must accept as true all allegations of jurisdictional facts averred in the complaint and resolve any factual disputes in favor of the plaintiff. *Traynor v. Liu*, 495 F.Supp.2d 444, 448 (D.Del. 2007). After a defendant raises a jurisdicitional defense, the plaintiff bears the burden to establish with reasonable particularity "that sufficient minimum contacts have occurred between the defendant and the forum state" to support jurisdiction. *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3rd Circ. 1987).

To establish personal jurisdiction, a plaintiff must satisfy both a statutory and constitutional requirement. Pursuant to the statutory requirement, plaintiff must establish that there is a basis for jurisdiction under the forum state's long arm statute, 10 Del.C. § 3104(c). The constitutional basis requires the court to determine whether the exercise of jurisdiction comports with the defendant's right to due process. *Reach & Assocs., P.S. v. Dencer*, 269 F.Supp. 2d 497, 502 (D.Del. 2003).

Under the due process claim, a foreign defendant is subject to the jurisdiction of the federal court only if the defendant's conduct is such that it should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559 (1980). There must exist some action through which "the defendant purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958).

Personal jurisdiction may be either specific or general. Specific jurisdiction applies to claims which arise out of the defendant's forum related activities and applies when the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities." *BP Chems. Ltd. v. Fibre, Corpo.*, 229 F.3d 254, 259 (3rd Circ. 2000). General jurisdiction applies to claims which need not arise out of the defendant's forum related activities, but the defendant has such extensive contacts with the forum state that the defendant is continually subject to the state's personal jurisdiction. *Id*. General jurisdiction exists when the defendant's contacts with the forum are continuous and systematic. *Id*.

### 2. The Complaint did not Aver any Facts to Establish Personal Jurisdiction over Defendants

The complaint and civil cover sheet are completely devoid of any averments to establish personal jurisdicition over defendants. Plaintiff averred that defendants' office is located in Pennsylvania. D.I. 2 at p. 2. Thus, any representation or advice provided by defendants to plaintiff would have occurred in their Pennsylvania office, not Delaware. No connection existed between defendants' alleged services to plaintiff and Delaware. Plaintiff even averred that defendant is not licensed to practice law in Delaware. D.I. 2 at p. 2-3. Any work provided by defendants would have been performed at their office in Pennsylvania. There does not exist a basis for specific in personam jurisdiction over the defendants in Delaware.

In the absence of specific personal jurisdiction, this Court may exercise jurisdiction over the lawyer defendants only if they carried on a continuous and substantial part of their business within the Commonwealth. The complaint did not aver any facts to establish general jurisdiction. The complaint did not aver that defendants conducted business in Delaware. Instead, the complaint averred that defendants were not licensed to practice law in Delaware. D.I. 2 at p. 2-3. Absent any allegations to establish that defendants had continuous and systematic contacts with Delaware, the complaint is not sufficient to establish general jurisdiction over defendants.

### B. Motion to Dismiss Pursuant to Rule 12(b)(6)

#### 1. Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6), a court must accept as true all material allegations in the complaint. The complaint must be construed in plaintiff's favor. A complaint may be dismissed if, "after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any

set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3rd Circ. 1998).

### 2. The Complaint did not State a Claim for Relief based on Defendants' Alleged Lack of a License to Practice Law in Delaware

All of the claims asserted by plaintiff against defendants are based on the contention that defendants fell below the standard of care and committed fraud because they were not practiced to license law in Delaware. In order to prevail on her claim for fraud, plaintiff must establish a false representation of fact made by defendants; the defendants' knowledge or belief that it was false; intent to induce plaintiff to act or refrain from acting; plaintiff's action or inaction taken in justifiable reliance on the misrepresentation; and damage to the plaintiff as a result of the reliance. *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del.Super. 1983). The elements of breach of fiduciary duty requires a fiduciary duty and a breach of that duty. *Freibott v. Patterson Schwartz and Associates, Inc.*, 2001 Del.C.P. LEXIS 33 (C.C.P. Newcastle 2001). Negligence similarly requires a duty of care, breach of that duty, and that the breach was the proximate cause of plaintiffs' injury. *Russell v. K-Mart*, 761 A.2d 1 (Del.Super. 2000).

The complaint did not aver sufficient facts to establish a claim for fraud, breach of fiduciary duty, or professional negligence. The complaint averred that defendants misrepresented that they were licensed in Delaware, and that defendants breached their duty to plaintiff because they were not licensed to practice law in Delaware. The contention that defendants were not licensed to practice law in Delaware does not establish causation for any of plaintiff's claims. The complaint does not aver that defendants were not able to retain separate Delaware counsel for the filing of an action, or that defendants were not able to become admitted *pro hac vice*. Delaware law allows attorneys not members of the Delaware bar to be admitted *pro hac vice* in the court's

discretion upon written motion and association of a member of the Delaware bar who maintains an office in Delaware. Del.Ch.Ct.R. 170.

Even if true, the mere fact, alone, that defendants were not licensed to practice law in Delaware is not sufficient to establish causation with respect to any of the counts alleged in the complaint. Accordingly, this Court should dismiss the complaint.

### 3. The Complaint did not State Sufficient Facts to Establish a Basis for the Recovery of Punitive Damages

Punitive damages in tort actions are not proper unless the "defendant's conduct, though unintentional, has been particularly reprehensible, *i.e.*, reckless, or motivated by malice or fraud." *Jardel Co. Inc. v. Hughes,* 523 A.2d 518 (Del.Super. 1987). If the action arises from a contract, punitive damages are permitted if the breach of contract is characterized by willfulness or malice. *Casson v. Nationwide Ins.Co.*, 455 A.2d 361 (Del.Super. 1982). The focus is on the defendant's state of mind. If his conduct reflects a conscious indifference to a foreseeable result, punitive damages may be imposed to punish such indifference and deter others from engaging in similar conduct. *Jardel*, 523 A.2d at 529.

The complaint did not aver sufficient facts to establish a basis for the recovery of punitive damages. Plaintiff did not aver facts establishing that defendants acted with recklessness and malice. Plaintiff did not aver that defendants' conduct exhibited a conscious disregard and indifference to a foreseeable result, and the complaint did not aver facts establishing that punitive damages are needed to deter others from engaging in similar conduct. At most, plaintiff's complaint avers a claim for professional negligence. But negligence, alone, is not a sufficient basis upon which to impose punitive damages. Accordingly, this Court must dismiss plaintiff's demand for punitive damages. D.I. 2 at page 7.

III.    CONCLUSION

For the reasons set forth above, this Court should grant defendants' motion and dismiss the complaint with prejudice.

SWARTZ CAMPBELL LLC

*/s/ Nicholas E. Skiles*
Nicholas E. Skiles, Esquire (I.D. #3777)
300 Delaware Avenue, Suite 1130
P. O. Box 330
Wilmington, DE 19899
(302) 656-5935

Date: May 28, 2008               Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYLVER L. BROOKS, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| vs. | : | No.  08-00060 (SLR) |
| | : | |
| QUINN & QUINN, Attorneys at Law, and MICHAEL P. QUINN, ESQUIRE, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Upon consideration of the Motion to Dismiss of defendants Quinn & Quinn and Michael P. Quinn, Esquire, the accompanying memorandum of points and authorities, and any response thereto,

IT IS HEREBY ORDERED and DECREED that the Motion is GRANTED.  Plaintiff's Complaint is dismissed with prejudice.

BY THE COURT:

_____ J.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYLVER L. BROOKS, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| vs. | : | No.  08-00060 (SLR) |
| | : | |
| QUINN & QUINN, Attorneys at Law, and MICHAEL P. QUINN, ESQUIRE, | : : | |
| | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I, Nicholas E. Skiles, Esquire, counsel for defendants, Quinn & Quinn and Michael P. Quinn, Esquire hereby certify that on this 28th day of May, 2008, I electronically filed Defendants' Motion to Dismiss Complaint with the Clerk of the Court and served upon all parties listed below by first class U.S. mail, postage prepaid:

> Sylver L. Brooks
> 46 Court Drive, Apt. B
> Wilmington, DE 19805

SWARTZ CAMPBELL LLC

*/s/ Nicholas E. Skiles*
Nicholas E. Skiles, Esquire (I.D. #3777)
300 Delaware Avenue, Suite 1130
P. O. Box 330
Wilmington, DE 19899
(302) 656-5935
Attorneys for Defendants