IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYLVER L. BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-60-SLR/MPT |
| ) | |
| QUINN & QUINN, ATTORNEYS AT ) | |
| LAW, and ) | |
| MICHAEL P. QUINN, ESQUIRE, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM ORDER**

**Background**

Plaintiff, Sylver L. Brooks, commenced this action against defendants on January 28, 2008. At the time of the initial filing of the complaint, plaintiff provided her address. Between the filing of her complaint until November 2008, plaintiff filed an amended complaint, summons, a motion to strike defendants' motion to dismiss, two motions for default and objections to defendants' answer to the complaint. On November 20, 2008, plaintiff filed a notice of change of address directing that correspondence and other mail be forwarded to her to a post office box located on Delaware Avenue in Wilmington.[1] She did not advise of any other changes in her address or telephone number.

---

[1] The notice advised that the address change was applicable to the two other matters plaintiff filed in this court, that is C.A. No. 07-758 and 07-759. Those matters have since been consolidated.

Defendants motion to dismiss was denied on November 19, 2008 and a scheduling order was entered at that time.[2] On January 26, 2009, this matter was referred to Magistrate Judge Thynge to handle through the pretrial conference. The scheduling order was modified on February 6, 2009 by providing a specific provision directed to the procedure regarding discovery matters.

Thereafter, on March 27, 2009 and April 20, 2009, defendants filed notices to take the deposition of plaintiff on April 20 and May 5, 2009 respectively. Plaintiff failed to appear for her deposition on either occasion. As a result, defense counsel contacted the court to schedule a teleconference consistent with the amended scheduling order. Prior to that teleconference, as required, defense counsel forwarded a letter to the court and to plaintiff advising of his difficulty in getting plaintiff to attend her deposition. Despite attempts to contact plaintiff by telephone at the only number provided to the court and defense counsel, counsel was unable to do so. As a result, plaintiff did not attend or participate in the teleconference of May 13, 2009.

Because of plaintiff's repeated failures noted above, the court issued a rule to show cause order on May 13, 2009 advising that if plaintiff did not respond by June 15, 2009, her action would be dismissed. At the time that the rule to show cause order was issued, there had been no activity on the docket by plaintiff

---

[2] The scheduling order provided a cut off date for discovery of May 20, 2009 and a case dispositive motion due date of June 22, 2009.

since November 20, 2008.

Plaintiff responded on May 27, 2009, in which she claims that because of her disability and illness, she was unable to retrieve her mail at the post office box address that she provided in November 2008. Because she did not retrieve her mail, plaintiff asserts that she had "no way of knowing about the teleconference or the dates of the deposition dates [sic]." In a separate pleading filed on the same date, plaintiff requested an extension for discovery because of her "illness." She also advised for the first time that she had moved in December 2008, which resulted in both a change of address and telephone number. Neither the new address and new telephone number had been previously provided to the court or defense counsel.

In their response dated May 28, 2009, defendants oppose plaintiff's request for a discovery extension and point out that her excuse for not prosecuting her case is insufficient. They note that her request for a discovery extension filed on May 27, seven days after the deadline date for discovery in the original scheduling order is inadequate and falls outside that order. Defendants request sanctions be issued against plaintiff requiring her to pay for the attorney's fees and costs incurred in preparing for the two properly noticed depositions which plaintiff failed to attend.

This is the court's decision on plaintiff's response to the rule to show cause, her motion to extend the scheduling order and defendants' motion for fees and

costs.

**Analysis**

Although plaintiff is proceeding *in forma pauperis*, the court has no authority to finance or pay for a party's discovery expenses.[3] The taking of a deposition would entail stenographic or court reporter expenses which this court is not authorized to pay. It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition. Because plaintiff is proceeding *in forma pauperis*, plaintiff has represented that she is financially incapable of paying the initial filing fee which is significantly less than what deposition costs would be.

Further, plaintiff's excuse for not prosecuting her case and failing to check her mail apparently for at least two months is no excuse. All she advises the court is that she is "disabled" and has been ill. She does not indicate nor provide any evidence about her disability or illness or how either prevented her from

---

[3] *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (section 1915 does not require the government to advance funds for deposition expenses); *Doe v. United States*, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986) (*in forma pauperis* statute does not require government to advance funds for deposition expenses); *Toliver v. Community Action Comm'n. to Help the Econ.*, 613 F. Supp 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for *pro se in forma pauper* plaintiff); *Ronson v. Commissioner of Corr. for State of N.Y.*, 106 F.R.D. 253, 254 (S.D.N.Y. 1985) (indigent plaintiff's motion to depose physician at corrections facility denied); *Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (28 U.S.C. § 1951 "does not extend to the cost of taking and transcribing a deposition."); *Ebenhart v. Power*, 309 F. Supp 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether Section 1959 authorizes this court to order the appropriation of Government funds in civil suit to aid private litigants in conducting pre-trial discovery.").

checking her mail at a P.O. Box, which is not near her residence. Moreover, it was plaintiff's choice, with knowledge of her disability and limitations, to direct the court and defense counsel to have her mail forwarded to her post office box. In addition, plaintiff failed to keep the court advised of changes in both her residential address and her telephone number. As a result, neither the court nor defense counsel had any means to communicate with her, except through her P.O. Box where she was not regularly picking up her mail.[4]

Plaintiff effectively has ignored her case for six months. The court neither has the obligation nor ability to ferret out every litigant who does not respond to notices and court orders that were sent to a last provided address. It is plaintiff's obligation to keep the court and opposing counsel advised of her contact information.

The court recognizes that because plaintiff is proceeding *pro se* some leeway to her is warranted. The court's tolerance, however, is not unlimited. Plaintiff is expected and is required to abide by court orders and to keep both the court and defense counsel advised of any changes in her contact information, such as her address and telephone number. She shall appear for deposition when noticed by defense counsel and if the date and time as noticed is not convenient because of legitimate prior obligations, she shall immediately contact

---

[4]Plaintiff also fails to advise how her illness or disability prevented her from having a friend or family member retrieve her mail or contact the court on her behalf.

defense counsel no less than 72 hours before the time of the scheduled deposition. Therefore,

IT IS ORDERED that defendants' request for attorney's fees and costs for plaintiff's failure to appear for deposition is DENIED. IT IS FURTHER ORDERED that defendants' request to dismiss this action is DENIED. Plaintiff's continued failure to prosecute her case, abide by court orders, cooperate with and respond to discovery or advise the court and defense counsel of changes in her contact information shall result in dismissal of her action.

IT IS ORDERED that plaintiff shall appear for deposition as noticed by defendants. If the date and time as noticed is not convenient because of legitimate prior obligations (for example, a doctor's appointment), she shall immediately contact defense counsel no less than **72 hours**, excluding weekends and holidays, before the time of the scheduled deposition to allow the deposition to be rescheduled.

Defense counsel shall provide a copy of the notice of deposition and all other communications/correspondence to both plaintiff's post office box address and her residential address as contained in D.I. 33 and 34.

IT IS FURTHER ORDERED that:

1. Plaintiff's motions for leave to depose defendant, Michael P. Quinn, Esq. and to extend the discovery deadline (D.I. 33 & 34) are GRANTED to the extent she may take his deposition pursuant to Fed. R. Civ. P. 31, which

allows a deposition upon written questions. On or before **June 29, 2009**, plaintiff shall submit to the court no more than fifteen written questions for defendant Quinn. Plaintiff **shall filed her questions** <u>under seal</u> to be viewed only by the court and the officer before whom the deponent will appear as designed in the notice of deposition. Plaintiff **shall not** provide a copy of the questions to defendants, the deponent or defense counsel.

      2. On or before **July 2, 2009,** counsel for defendants shall contact Nancy Rebeschini, Esq., the court's pro se law clerk, to schedule a date and time for the written deposition. The deposition shall take place at the J. Caleb Boggs Federal Building, Wilmington, Delaware.

      3. The procedures for the written deposition shall be as follows: the court will issue the notice for the written deposition. The notice will include the name of the deponent and the designated officer before whom the deponent will testify. The deponent will be sworn in by the designated officer. The designated officer will read aloud to the deponent the questions as submitted by plaintiff. The designated officer will provide paper and pen so that the deponent may provide a written answer to each question. The deponent shall have the option of bringing a laptop computer to the deposition as a means of answering the questions. The court will provide a computer disc for the answers typed into the computer. The deponent will verify his written answers. The designated officer will certify the deposition, file it with the court and mail completed copies of the deposition to plaintiff, defendants and/or deponent and defense counsel.

IT IS FURTHER ORDERED that as a result of the findings and order herein, the scheduling order of November 19, 2008 (D.I. 23) is modified as follows:

**Discovery:**  All discovery in this case shall be initiated so that it will be completed on or before **August 31, 2009.**

**Summary Judgment Motions:**  All summary judgment motions and opening briefs and affidavits, if any, in support of the motions, shall be served and filed on or before **September 22, 2009**.  No summary judgment motion may be filed before this date without leave of the court.  Answering briefs and affidavits, if any, shall be filed on or before **October 6, 2009**.  Reply briefs shall be filed on or before **October 20, 2009**.

Date:  June 5, 2009                                    /s/ Mary Pat Thynge  
                                                                    UNITED STATES MAGISTRATE JUDGE