IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYLVER L. BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-60-SLR/MPT |
| | ) | |
| QUINN & QUINN, ATTORNEYS AT | ) | |
| LAW, and | ) | |
| MICHAEL P. QUINN, ESQUIRE, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

At Wilmington, this **2nd** day of **July, 2009**,

Plaintiff failed to appear for depositions noticed for April 20, 2009 and

May 5, 2009.  As a result of those failures and other, the court issued an Order to

show cause on May 13, 2009.  Plaintiff responded on May 27, 2009.  Thereafter

the court issued a memorandum order which included the history of plaintiff's

non-compliance with this court's orders and failure to prosecute her case, which

will not be repeated here.  In that order, plaintiff was directed to appear for

deposition as noticed by defendants and if the date and time as noticed was not

convenient because of legitimate prior obligations, she was to immediately

contact defense counsel.  Plaintiff clearly received that order since she filed

deposition questions as allowed by the court.

Counsel for defendants advised the court via a letter dated June 30, 2009

(D.I.41), that plaintiff again failed to appear for her deposition scheduled on June 25, 2009.  According to the record, on June 12, 2009, plaintiff's deposition was re-noticed for a third time, to take place at defense counsel's office on  June 25, 2009 at 11:00 a.m.  The evidence shows that, although plaintiff did not sign for the mailing of the notice, the United States Postal service confirms that a notice of the intended delivery was left at plaintiff's residence at 12:51 p.m. on June 13, 2009.  Plaintiff did not appear for her deposition, and failed to contact defense counsel prior to the deposition date advising that she would not be attending and the reason why she could not attend.  Therefore,

IT IS HEREBY ORDERED that, on or before **July 27, 2009**, plaintiff shall show cause why the above-captioned action should not be dismissed for failure to abide by this court's orders. The court will consider whether this matter is to be dismissed.  FAILURE TO TIMELY RESPOND TO THIS ORDER SHALL RESULT IN AUTOMATIC DISMISSAL OF THE ACTION.


/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE