IN UNITED STATES DISTRICT

FOR DISTRICT OF DELAWARE

SYLVER L. BROOKS                                  CIVIL ACTION

    PLAINTIFF                                      NO- 08-60

V.

QUINN & QUINN ATT. AT

LAW AND MICHAEL P. QUINN

    DEFENDANTS.

RESPONSE TO MOTION FOR SUMMERY OF JUDGEMENT

  Plaintiff encloses (EXBit 1) a copy of plaintiffs medical report listing permanant injuries (disc herniation to the back. These are the permanant injuries plaintiff suffered in slip & fall accident in plaintiffs apartment. The ceiling fell.

  Also enclosed is copy of medical coverge letter which Mr. Quinn said he'd cover all expenses & he did not do so (EXBit 2) Plaintiffs pain & suffering from permanant injuries, were so severe that plaintiffs doctor orderd STRONG pain meds VICODIN.

  Plaintiffs continues to take strong pain meds. for pain & suffering from slip & fall accident in 2004. Landlord-Tenants code (25 DEL. C. 5303) states

care the landlord is to give rental unit. Plaintiff's ceiling didn't have a crack in it at the time plaintiff moved in

Also according to Landlord-Tenant (25 Del. C. 5303) plaintiff's health & welfare was endangered which establishes breach of duty on part of landlord. Landlord is in violation of this code & put plaintiff's life, health & welfare in jeopardy.                    (EXBIT 3)

~~Professional~~ Conduct Rules, (Rule 8.4(c)) MISCONDUC Mr. Quinn indulged unprofessionally in dishonesty, fraud, misrepresentation by lieing claiming to be licenced in Delaware to practice law. Plaintiff has sufferd the loss of plaintiff's slip & fall case & also damage to credit as mr. Quinn never paid medical bills he promise to do. The bills have went to collection & ruined plaintiff's credit.

Enclosed is a copy of complaint sent to Pennsylvania Displenary Board against mr. Quinn inethical behavior handling Plaintiff's case

Respectfully

Sylver L. Brooks

I certify I sent these documents to

Swartz & Cambell
300 Delaware Ave Suite 1130
P.O. Box 1130
Wilmington, DE 19899

Dec 7, 2009

Sylver L. Brooks
P.O. Box 1251
Wilmington, DE 19801

*Sylver L. Brooks*

tion in an approved lawyers or judges assistance program. In that circumstance, providing for an exception to the reporting requirements of paragraphs (a) and (b) of this Rule encourages lawyers and judges to seek treatment through such a program. Conversely, without such an exception, lawyers and judges may hesitate to seek assistance from these programs, which may then result in additional harm to their professional careers and additional injury to the welfare of clients and the public. These Rules do not otherwise address the confidentiality of information received by a lawyer or judge participating in an approved lawyers assistance program; such an obligation, however, may be imposed by the rules of the program or other law.

---

**Prosecution disclosed potential conflict between defendant and counsel.** — Defendant's motion to suppress statements and derivative evidence was denied where, inter alia, the prosecutor disclosed that there was a potential conflict of interest between defendant and defendant's counsel, and the record did not reflect that the government's knowledge of counsel's possible breach of his ethical duties tainted defendant's interviews. United States v. Kossak, 275 F. Supp. 2d 525 (D. Del. 2003).

### Rule 8.4. Misconduct.

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

(e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or

(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

#### COMMENT

[1] Lawyers are subject to discipline when they violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so or do so through the acts of another, as when they request or instruct an agent to do so on the lawyer's behalf. Paragraph (a), however, does not prohibit a lawyer from advising a client concerning action the client is legally entitled to take.

[2] Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return. However, some kinds of offenses carry no such implication. Traditionally, the distinction was drawn in terms of offenses involving "moral turpitude." That concept can be construed to include offenses concerning some matters of personal morality, such as adultery and comparable offenses, which have no specific connection to fitness for the practice of law. Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation.

[3] A lawyer who, in the course of representing a client, knowingly manifests by words or conduct, bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation or socioeconomic status, violates paragraph (d) when such actions are prejudicial to the administration of justice. Legitimate advocacy respecting the foregoing factors does not violate paragraph (d). A trial judge's finding that peremptory challenges were exercised on a discriminatory basis does not alone establish a violation of this rule.

[4] A lawyer may refuse to comply with an obligation imposed by law upon a good faith belief that no valid obligation exists. The provisions of Rule 1.2(d) concerning a good faith challenge to the validity, scope, meaning or application of the law apply to challenges of legal regulation of the practice of law.

**BREACH OF FIDUCIARY DUTY;**
**3.CAUSATION-BREACH CAUSED LOSS;** I I WOULD HAVE WON A JUDGEMENT FAVOR.BUT, FOR THE ACTIONABLE CONDUCT OF THE DEFENDANTS. (A) I HAD MY LANDLORD IN WRITING THREE TIMES ABOUT MY CEILING. (DOCUMENTS ENCLOSED)
MY SLIP AND FALL WAS A DIRECT CAUSE OF HIS NEGLIGENCE.(B) MR VALIDIMIR KARPOV OWNED THE BUILDING I LIVED IN. THE BUILDING IS WORTH 186,000 (DOCUMENT ENCLOSED). MR. KARPOV HAD MORE THAN ENOUGH ASSETS TO COMPENSATE ME.
ALSO MR.KARPOV OWNED TEN OTHER BUILDINGS. I CAN EASILY PROVIDE THIS PROOF UPON DEMAND.I HAVE PROVEN "A CASE WITHIN A CASE".I DEFINATELY WOULD HAVE WON HAD MY CASE BEEN PROSCUTED.WHICH MR. QUINN COULD NOT DO BECAUSE HE ISN'T LICIENCED TO PRACTICE LAW IN DELAWARE.I HAVE SUFFERD A HORRFIC LOSS, BECAUSE OF MR,QUINN.

**4.DAMAGES;**MR. MICHAEL QUINN CONDUCT WAS SO BLATANT AGGRIEVEOUS I WAS UNABLE TO PAY MY MEDICAL BILLS OR BE COMPENSATED IN ANY WAY I WILL LIST ALL DAMAGE CLAIMS AT THE END OF MY COMPLAINT.


**LEGAL MALPRACTICE;FOUR ELEMENTS MUST BE PROVEN;**

**1.DUTY;**PLAINTIFF AND MR. QUINN HAD A ATTORNEY-CLIENT REALATIONSHIP MR,QUINN HAD A DUTY TO ACT IN A PROFESSONAL MANNER.WHICH WOULD MEAN REAVELING
HE WASN'T LICIENCED IN DE.

**2.BREACH;**MR. QUINN OWED PLAINTIFF DUTY TO ACT COMPETENLY.  HE BREACHED HIS DUTY TO THE PLAINTIFF AND DID NOT USE SKILL,CARE AND KNOWLEDGE.

**3.CAUSATION;TWO ELEMENTS MUST BE PROVEN;(A) THAT PLAINTIFF WOULD HAVE WON   THE "CASE WITHIN A CASE",THE UNDERLYING CASE(B)THE PLAINTIFF WOULD HAVE COLLECTED IF PLAINTIFF HAD WON;**

ON SETEMBER 2, 2004 I PUT MY LANDLORD ON NOTICE THAT I NEEDED MY CEILING REPAIRED. MR VLADIMIR KARPOV NEGLIGENCE IS A DIRECT CAUSE OF MY ACCIDENTS AND INJURIES. ALSO, MR VLADIMIR KARPOV IS VERY RICH HE OWNS MORE THAT TEN APARTMENT BLDGS. THE APARTMENT BLDG. I LIVED IN WAS WORTH. 185,000. I
I DEFINATELY WOULD HAVE COLLECTED FROM MY CASE. MY LANDLORD IS A MULTI-MILLIONAIR. BY A PREPONDERACE OF EDVIENCE I WOULD HAVE DEFINATLY RECOVERD
A JUDGEMENT IN THE UNDERLYING ACTION.  I HAVE PROVEN A "CASE WITHIN A CASE".

**4.DAMAGES;** I WAS DEFINATLY DAMAGED BY MR. QUNN NOT BEING ABLE TO PROCUTE MY CASE BECAUSE HE ISN'T LICIENCED IN DE. I HAVE MEDICAL BILLS OVER 40,000. AND PERMANANT INJURIES I CAN NOT SUE MY LANDLORD FOR BECAUSE THE STATUE OF LIMATIONS RAN OUT.



6   EXBIT 3

Disciplinary Board
District I Office
Seven Penn Center
1615 Market Street
Philadelphia, PA 19103

Dec 9, 2009

Dear Sir,

My name is Sylver L. Brooks. I'm writing this second letter to you concerning my former attorney, Michael P Quinn, who works at 100 South Broad St, Suite 1430, Philadelphia, PA 19110.

Mr. Quinn agreed to represent me in my Wilmington Delaware, slip & fall case (EXBIT 1). Mr Quinn lied to me & told me he'd pay all my medical bills (EXBIT 2). Enclosed in this complaint is the fee agreement (EXBIT 3).

Mr. Quinn is in violation of your Professional Rules of conduct Rule 8.4(C) MISCONDUCT, (EXBIT 4) which states fraud, deceit, misrepresentation. Mr Quinn is in violation of all three. Mr Quinn allowed the statute of limitations to expire & caused me to lose my slip-n-fall case. He also lied saying he was licensed to practice law in Delaware, when he isn't. Will you please investigate this complaint. You can reach

me at the below address + phone number.

Respectfully

Sylver L. Brooks

SYLVER L. BROOKS
P.O. Box 1251
Wilmington, DE, 19801
484-201-5473 (cell) 302-995-2015 (land line)

**FEE AGREEMENT**

(I)/WE Sylwer L. Brooks do hereby retain Law Offices of QUINN AND QUINN to represent (me)/us for personal injuries sustained as a result of an accident that occurred on Oct 11, 20 0 4.

The Law Firm shall be entitled to an attorney fee of either _____ of the gross settlement with no trial, or _____ if litigation is commenced by suit or summons. (I)/We will be responsible to pay from (my)/our portion of the settlement or verdict the litigation and/or investigation expenses incurred, including filing fees, investigation, experts, medical records or copying fees, photographs. Lastly, a charge for long distance, copies and postage will be deducted in the amount of $200.00

If there is no settlement or recovery by the Law Firm, the (I)/We will Not be responsible or obligated to pay either any attorney fee for time spent or reimburse the Firm for any expenses or costs involved in the litigation.

I/We hereby agree to offer (my)/our full cooperation to the attorney to bring this matter to a swift conclusion and hereby swear and affirm that all of the information provided during the initial interview and at all times thereafter know it to be true and correct and accurate to the best of (my)/our knowledge, information and belief. (I)/We hereby authorize the Law Firm to deposit checks into escrow funds and to disperse the funds directly to the doctors, hospitals or any medical expenses involved for all medical bills incurred or related to the accident case as well as grant power of attorney to sign for medical or related records.

_Sylwer L. Brooks_

PARENT AND NATURAL GUARDIAN
OF THE ABOVE-CAPTIONED MINOR

E III

*Quinn & Quinn*

*Attorneys at Law*

SUITE 1430
LAND TITLE BUILDING
100 SOUTH BROAD STREET
PHILADELPHIA, PENNSYLVANIA 19110

215-563-5142

*Edward J. Quinn*
*Michael P. Quinn*

FAX: 563-2642

*Joseph B. Quinn*
1931-1981

OUR FILE NO.

November 12, 2004

Ms. Sylver Brooks
46 Court Drive, Apt. "B"
Wilmington, DE 19805

   RE: **Premise Liability**
      <u>**D/A: 10-11-04**</u>

Dear Ms. Brooks:

  May I take this opportunity to thank you for requesting this office to represent you.

  We have already started working on your case and will attempt to reach a satisfactory and fair conclusion in this matter at as early a date as possible.

  **It is important that you do not discuss this case with anyone and you should not sign any papers relating to this matter as well.**

  If someone should telephone you concerning this case, simply tell them to call us and if you receive any mail, forms, or correspondence concerning this case, send it to us immediately. You are requested to notify us immediately if you should change your address while this matter is still pending.

  Please keep in touch with us regarding your treatment status so that we may continue to gather the records as your case progresses.

  I wish to assure you that we consider it a privilege to serve you and that we shall give you the very best legal service possible in this and any other matters you may refer to us.

            Very truly yours,

            **MICHAEL P. QUINN, ESQUIRE**

MPQ/sep

E-1

## Quinn & Quinn
### Attorneys at Law

Edward J. Quinn
Michael P. Quinn
Raymond C. Geary

SUITE 1430
LAND TITLE BUILDING
100 SOUTH BROAD STREET
PHILADELPHIA, PENNSYLVANIA 19110

Joseph B. Quinn
1931-1981

FAX: 215-563-2642

215 563-5142

OUR FILE NO.

June 29, 2005

Diagnostic Imaging Associates
3206 Concord Pike
Wilmington, DE 19803
Attention: Billing

RE:   Silver Brooks
       D/A:  10/16/02

Dear Sir or Madam:

Please be advised that the law firm of Quinn and Quinn will protect your bill for services rendered pursuant to Act 6 upon settlement of the above-captioned matter.

However, this agreement to protect your interest is conditional upon receiving all medical bills, reports and records within sixty days of treatment or services rendered or within thirty days after discharge from the doctors care.

If you have any questions please call my office. If this is not a claim involving a motor vehicle, then please disregard the Act 6 reference above.

Lastly, please note that this guarantee is also conditional upon the approval of my client, Silver Brooks, to make this agreement. I have received said permission.

I thank you.

Very truly yours,

Michael P. Quinn

MPQ/mgg

cc: Silver Brooks