IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYLVER L. BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-60-SLR/MPT |
| | ) |
| QUINN & QUINN, Attorneys at Law, | ) |
| and MICHAEL P. QUINN, Esquire, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 24th day of May, 2010, having considered the objections[1] to the Report and Recommendation issued by Magistrate Judge Mary Pat Thynge on February 19, 2010[2] regarding defendants' motion for summary judgment, as well as the papers submitted in connection therewith;

IT IS ORDERED that the objections are overruled and the Report and Recommendation is accepted and adopted for the reasons that follow:

1. When reviewing the decision of a magistrate judge on a dispositive matter, the court conducts a de novo review. 28 U.S.C. 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). A motion for summary judgment is considered a dispositive matter and, therefore, the findings and conclusions of the magistrate judge in connection with such a motion is

---

[1] Although captioned by pro se plaintiff as "Response to Report and Recommendation," the court has construed this filing as her objections to Judge Thynge's decision ("objections"). (D.I. 59)

[2] Judge Thynge recommended granting defendants' motion for summary judgment and dismissing the case. (D.I. 58)

reviewed de novo. *Id.* The court may accept, reject, or modify the recommendations of the magistrate judge. The court may also receive further evidence or return the matter to the magistrate judge with instructions for proceedings. *Id.*

2. Having reviewed the Report and Recommendation of Judge Thynge, de novo, with respect to the objections lodged, the court concludes that Judge Thynge correctly decided that plaintiff did not demonstrate a likelihood that her underlying claim against her landlord would have been successful because: (1) plaintiff failed to present a medical expert to establish whether she was, or is, injured in fact; and (2) plaintiff was unable to demonstrate that her landlord's breach of his duty-of-care was the proximate cause of any injury.[3]

3. Plaintiff claims to have suffered a spinal disc herniation as a result of slipping on a fallen ceiling tile. In her objections, plaintiff submits a report by Dr. Ka-Khy Tze, analyzing a MRI of plaintiff's cervical spine.[4] Dr. Ka-Khy Tze observed

> [m]ulti level disc and osteophyte is noted from C2 down to C7 indenting on the cord but there is no spinal stenosis seen at this time.

(D.I. 59) Plaintiff seems to suggest that a jury will understand the issues without expert testimony. The court, however, concurs with Judge Thynge's finding that a medical expert is necessary to explain the nature of her alleged injuries and to opine on the issue

---

[3]The case at bar is a legal malpractice action wherein plaintiff asserts that defendants were negligent in the handling of a personal injury claim against her landlord. Specifically, plaintiff contends defendants allowed the statute of limitations to expire without filing suit against her landlord for injuries she allegedly sustained in her apartment on October 11, 2004, after slipping on a fallen ceiling tile.

[4]Judge Thynge discussed this same report in her Report and Recommendation. (D.I. 58 at 12; D.I. 56)

2

of proximate cause. While her objections and documentation[5] focus on the legal malpractice claim, she has failed to present anything to refute the deficiencies noted in the Report and Recommendation.

4. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.

                                                     _____
                                                     United States District Judge

---

[5]Plaintiff has submitted copies of: (1) a letter dated June 29, 2005 from Michael P. Quinn; (2) a letter dated November 12, 2004 from Michael P. Quinn; and (3) a letter dated January 8, 2010 from the Disciplinary Board of the Supreme Court of Pennsylvania. (D.I. 59)